DPS-63                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 02-2280

ST. JAMES ASSOCIATES

v.

Christine LARSEN

Appellant

On Appeal From the United States District Court
For the District of New Jersey
(D.N.J. No. 02-CV-1755)
District Judge: The Honorable Joseph E. Irenas

Submitted For Possible Summary Affirmance Under Third Circuit LAR 27.4 and
I.O.P. 10.6
February 6, 2003

Before:    ALITO, ROTH and RENDELL, Circuit Judges.

(Filed : May 12, 2003)

OPINION

PER CURIAM

Christine Larsen, a pro se defendant, appeals the District Court's April 25, 2002

order summarily remanding St. James Associates' action for ejectment to the Superior Court of New Jersey. Because no substantial question is presented, we will summarily affirm.

St. James Associates, the owner of rental properties in Atlantic City, New Jersey, initiated an action in the Superior Court of New Jersey in early April 2002 to evict its tenant, Christine Larsen, for destruction of the premises. Larsen removed the action to the United States District Court for the District of New Jersey on April 17, 2002 pursuant to 28 U.S.C. § 1441. Larsen cited numerous bases of jurisdiction in her notice of removal, including 28 U.S.C. § 1443(1), based on her allegations that she has been denied Due Process and Equal Protection because 1) she is barred from answering the complaint, filing a counterclaim, and conducting discovery; 2) the court requires her to post money to secure the right to a trial; 3) she has no right of appeal; 4) the plaintiff brought the action to harass her and has used New Jersey's "summary eviction" process to coerce, intimidate, and threaten her; and 5) the state court has denied her applicable rights under the Fair Housing Act. Larsen further filed a motion to stay the state court proceedings. By order dated April 25, 2002, the District Court remanded the action to the Superior Court of New Jersey and denied Larsen's motion to stay the pending state proceeding. This appeal followed. We have jurisdiction over this appeal only to the extent that Larsen invoked 28 U.S.C. § 1443. See 28 U.S.C. § 1447(d); see also Feidt v. Owens Corning Fiberglass Corp., 153 F.3d 124, 126, 128 (3d Cir. 1998) (noting that § 1447(d) prohibits

2

review of remand orders no matter how faulty they might be because Congress intended them to be final).

The District Court properly remanded this action to the Superior Court of New Jersey for lack of federal jurisdiction under § 1443. 28 U.S.C. § 1443 authorizes removal of a state law action "against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." See 28 U.S.C. § 1443. Removal under § 1443(1) requires the state court defendant to show 1) that he or she is being deprived of rights guaranteed by a federal law providing for equal civil rights; and 2) that he or she is denied or cannot enforce that right in the state court. See Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997) (citing State of Georgia v. Rachel, 384 U.S. 780 (1966)).

The "federal law" in the first requirement must be a law that provides for specific civil rights stated in terms of racial equality. See id. Broad contentions under the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443 because the general guarantee of that clause does not include the specific language of racial equality required by § 1443. See Georgia v. Rachel, 384 U.S. 780, 792 (1966). Larsen's claims under the Equal Protection Clause fail to meet this requirement for the same reason. See Alabama v. Conley, 245 F.3d 1292, 1295-96 (11th Cir. 2001); see also Smith v. Winter, 717 F.2d 191, 199 (5th Cir. 1983). We note further that despite

the numerous other statutes upon which Larsen bases federal jurisdiction, she does not allege any racial discrimination. Nor does she otherwise show that the New Jersey courts will not adequately protect her right to be free from racial discrimination. Finally, the District Court correctly asserted its lack of jurisdiction to issue an injunction staying state court proceedings. See 28 U.S.C. § 2283.

Therefore, we will summarily affirm the District Court's remand order under § 1443(1) because Larsen presents no substantial question.

DPS-63

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2280

ST. JAMES ASSOCIATES

v.

Christine LARSEN

Appellant

On Appeal From the United States District Court
For the District of New Jersey
(D.N.J. No. 02-CV-1755)
District Judge: The Honorable Joseph E. Irenas

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 6, 2003

Before:   ALITO, ROTH and RENDELL, Circuit Judges.

**JUDGMENT**

This cause came to be heard on the record from the United States District Court for the District of New Jersey. On consideration whereof, it is now hereby

ORDERED AND ADJUDGED by this Court that the Order of the District Court entered April 25, 2002 be and the same is hereby summarily affirmed. All of the above in accordance with the opinion of this Court.

ATTEST:

Clerk

DATED: May 12, 2003